MEMO ENDORSED

# Green & Willstatter

ATTORNEYS AT LAW
200 MAMARONECK AVENUE
SUITE 605
WHITE PLAINS, NEW YORK 10601

THEODORE S. GREEN
RICHARD D. WILLSTATTER

(914) 948-5656
FAX (914) 948-8730

E-MAIL: THEOSGREEN@MSN.COM

June 19, 2020

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains, New York   10601

Re: *United States v. Nicholas Pagano,* 16 Cr 641 (KMK)

Dear Judge Karas:

This letter is a supplemental submission and reply in connection with Pagano's June 16, 2020, motion for compassionate release.

The government states that "medical professionals have deemed Pagano's endocarditis to be in remission" and that his medical records "reflect that Pagano is being appropriately treated for the other ongoing medical condition with which Pagano has been diagnosed." Government Opp. at 5. The MDC medical records do not make clear how a determination was made that the endocarditis condition was in remission. For example, this could mean that Pagano does not show symptoms of an active infection, but may well not reflect a determination on whether Pagano suffers ongoing cardiac complications or damage from the serious bout of endorcarditis that he had in 2011. For example, the 2011 records report that on April 8, 2011 (three weeks after he was discharged from the hospital), Pagano continued to have "tricuspid regurgitation" that was "active." Tricuspid regurgitation "is leakage of blood backward through the tricuspid valve each time the right ventricle contracts."[1]

---

[1] https://www.merckmanuals.com/home/heart-and-blood-vessel-disorders/heart-valve-disorders/tricuspid-regurgitation
In the 2017 PSR, Pagano reported having a leaky heart valve, which he called the mitral valve. According to the MDC medical staff, Pagano reported that he was initially told his tricuspid valve was leaking, and was later told by another cardiologist that it was the mitral valve.

1

In our June 16 submission, we did not discuss the "other ongoing medical condition" (Government Opp. at 5), but will address it here with a request that this portion of the filing remain redacted. (We would not object to the government filing a supplemental submission responsive to this, if it wishes.).

According to the MDC records, Mr. Pagano has chronic viral hepatitis C, which was originally diagnosed in 2015. Centers for Disease Control and Prevention (CDC) reports that it currently has "no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19. However, based on available information and clinical expertise, older adults and people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html. Notwithstanding the inconclusive information from CDC, this condition presents an additional cause for concern.

If Pagano were released to home confinement, he would be residing in a house in upstate New York where the other occupant would be his mother, who is a health care worker. We submit that would be safer than being in a prison setting and, if the Court deems it appropriate, can be additionally subject to a condition of electronic monitoring.

Very truly yours,

/s/ *Theodore S. Green*
Theodore S. Green

cc: All counsel (by ECF)

Application for Compassionate Release is denied. While Mr. Pagano suffered from endocarditis in 2011, there is no evidence that this ailment is currently causing him any health issues. Indeed, the Government claims that this condition is in remission, which the Court acknowledges is contested by counsel for Mr. Pagano. Regardless, there is no evidence that Mr. Pagano has been hospitalized or otherwise has had any difficulties in prison from this condition. Moreover, Mr. Pagano is well below the age where there is added risk from COVID. Thus, Mr. Pagano has not satisfied his burden of showing that there are extraordinary or compelling reasons for his release under Section 3582. Moreover, consideration of the Section 3553(a) factors counsels against his release. His underlying offense conduct (heroin importation) was serious and any further reduction of the sentence would undermine the respect for the law. This, combined with Mr. Pagano's misconduct while in the halfway house, tilts the scales against early release.

So Ordered.

6/23/20

2